```
 1
 2
 3
 4                          UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
 5                                     AT SEATTLE

 6   TERI REED,

 7                          Plaintiff,              CASE NO. C16-1933-MAT

 8         v.
                                                    ORDER RE: SOCIAL SECURITY
 9   NANCY A. BERRYHILL, Acting                     DISABILITY APPEAL
     Commissioner of Social Security,
10
                            Defendant.
11
```

12      Plaintiff Teri Reed proceeds through counsel in her appeal of a final decision of the

13 Commissioner of the Social Security Administration (Commissioner). The Commissioner denied

14 Plaintiff's application for Disability Insurance Benefits (DIB) and found her eligible for

15 Supplemental Security Income (SSI) as of January 1, 2014, but not disabled before, after a hearing

16 before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the

17 administrative record (AR), and all memoranda of record, this matter is REVERSED and

18 REMANDED for further administrative proceedings.

19                            **FACTS AND PROCEDURAL HISTORY**

20      Plaintiff was born on XXXX, 1958.[1] She has a college degree and master's degree, and

21

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

worked as a business consultant until November 2007. (AR 450, 767.)

Plaintiff applied for SSI and DIB in August 2011. (AR 382-90.) Her date last insured (DLI) is December 31, 2011. (AR 445.) Those applications were denied initially and upon reconsideration and Plaintiff timely requested a hearing. (AR 252-60, 262-68.)

On August 13, 2013, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff, Plaintiff's partner, and a vocational expert (VE). (AR 33-78.) On August 29, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 217-26.) Plaintiff timely appealed. The Appeals Council granted Plaintiff's request for review on June 27, 2014, and remanded the case back to the ALJ for further proceedings. (AR 234-39.)

ALJ Adams held additional hearings on December 10, 2014, and May 12, 2015, taking testimony from Plaintiff, Plaintiff's treating neurologist, a medical expert, and a VE. (AR 71-147.) On June 15, 2015, the ALJ issued a decision denying Plaintiff's DIB application, and granting her SSI application as of January 1, 2014. (AR 16-29.) The Appeals Council denied review on October 27, 2016, making the ALJ's decision the final decision of the Commissioner. (AR 1-6.) Plaintiff now seeks judicial review.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff engaged in substantial gainful activity ("SGA") through November 15, 2007, and thus found her not disabled at step one through that date. (AR 18.) At step two, it must be determined whether a claimant

suffers from a severe impairment. The ALJ found that since November 16, 2007, Plaintiff's seizure disorder, status post laser ablation; obesity; a cognitive disorder; and affective disorders were severe. (AR 18-19.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff met a listing beginning on January 1, 2014, but not from November 16, 2007, to December 31, 2013. (AR 19-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that from November 16, 2007, until she became disabled on January 1, 2014, Plaintiff was capable of performing medium work, with additional limitations. She could not climb ladders, ropes, or scaffolds. She could not drive, operate hazardous machinery, or work at unprotected heights. She could perform simple, routine tasks, and follow short, simple instructions. She could do work that needed little or no judgment and she could perform simple duties that could be learned on the job in less than 30 days. She could respond appropriately to supervision and coworkers. She could deal with occasional changes in the work environment. She had no difficulty dealing with the general public. (AR 20-21.) With that assessment, the ALJ found Plaintiff was not able to perform her past relevant work. (AR 27.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the VE's assistance, the ALJ found that before Plaintiff became disabled on January 1, 2014, she was capable of performing other representative occupations, including kitchen helper, bagger, and dining room attendant. (AR 27-28.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing several medical opinions; (2) discounting her credibility; and (3) discounting lay statements. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Medical opinion evidence

Plaintiff challenges the ALJ's reasons to discount multiple medical opinions of treating and examining providers, which the ALJ addressed as a group. (AR 25-26.) The ALJ also purported to credit certain opinions, and Plaintiff argues that the ALJ failed to fully account for those opinions. Dkt. 11 at 12-13.

1. Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without

"'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

"The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) and *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984)). However, "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original)). An ALJ may discount a non-examining source's opinion "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

2. <u>Opinions written by Sheri Hunt, M.D.; Shahin Hakimian, M.D.; Milah Frownfelter, M.D.; Braden Nago, M.D.; and Karen Dolde, ARNP; and the hearing testimony of John Miller, M.D.</u>

The ALJ discounted the opinions of Drs. Hunt, Hakimian, Frownfelter, Nago, and Miller and Ms. Dolde on the grounds that the opinions were inconsistent with Plaintiff's "longitudinal treatment history, the objective clinical findings, the claimant's performance on physical and mental status examinations, and her documented daily activities[.]" (AR 25.) The ALJ went on to explain, with regard to these opinions:

> I accept that the claimant has had a seizure disorder at all times relevant to this decision. However, the evidence does not establish that her condition resulted in incapacitating limitations prior to 2014. On the contrary, despite her seizure disorder, she continued to earn substantial gainful levels of income past the alleged onset date until November 2007. Testing showed no definite evidence of underlying epilepsy and she was consistently neurologically intact on examination. Her symptoms were much improved on medication in early-2010. She was doing well with no active issues to report in June 2010 and she did not follow up until May 2011. Testing showed a generalized seizure disorder, but her medication

regimen was adjusted and she was doing well by July 2011 without any adverse reaction to medication. She continued to do quite well until she reported a breakthrough seizure later that year, but neurological examination remained unchanged, she continued to have normal mental status, and her provider noted that her episode did not appear to be consistent with a small breakthrough seizure. She remained stable on medication with remarkable examination findings through the [DLI] of December 2012. There is no indication of any appreciable change in her condition until she reported seizure frequency in 2014.

(AR 25-26.) The ALJ also noted that these opinions were based at least in part on Plaintiff's self-report, which was not entirely credible. (AR 26.)

Plaintiff first argues that the ALJ erred in grouping these opinions together and applying the same generic reasons to all of the opinions. Dkt. 11 at 3. While it may be possible to provide specific, legitimate reasons to discount multiple opinions at once, the ALJ did not satisfy that requirement here. The opinions at issue referenced multiple diagnoses and various limitations, and the ALJ's generic reasons do not address the breadth of the medical opinions. (AR 110-129, 814-20, 866-68, 959-60, 1065-66, 1091.)

Furthermore, although the ALJ also provided more detailed reasons to support his findings regarding the severity of Plaintiff's seizure disorder (AR 25-26), even this reasoning does not reflect the totality of the record and ignores evidence that does not support his conclusion. The record shows that although Plaintiff's seizure disorder may not have satisfied a listing prior to January 2014, she nonetheless experienced limitations caused by that condition as well as others that impacted her ability to work. (*See, e.g.*, AR 921 (August 2011 occupational therapy note indicating Plaintiff required physical assistance and multiple cues to complete a three-step task), AR 1012 (June 2012 reference to three small seizures in the previous two weeks, causing fatigue and memory problems afterward), AR 1071 (September 2012 reference to multiple seizures in the past week), 1079 (Dr. Frownfelter's December 2012 opinion that Plaintiff's seizure disorder

caused "decreased cognition, decreased communication effectiveness, extreme fatigue, recurrent falls, imbalance, dizziness, impaired focus and concentration, poor memory[,] confusion and poor mental and physical stamina").) Furthermore, some of the opinions at issue mention limitations caused by multiple impairments, and thus the ALJ's focus on seizure disorder does not serve as a legitimate basis to discount the entirety of the opinions.

The ALJ also found that the treating and examining doctors based their opinions at least in part on Plaintiff's self-report (Dkt. 11 at 8); the ALJ found that because Plaintiff's self-report was not entirely credible, the medical opinions were discounted to the extent the providers relied on her self-report. (AR 26.) Because, as explained *infra*, the ALJ findings with regard to Plaintiff's subjective testimony are impacted by the errors with regard to the medical opinions, this reason is not valid.

Because the ALJ's reasoning with respect to this group of opinions contains legal error, the ALJ must reconsider these opinions on remand.[2]

3. <u>Opinion of Naomi Chaytor, Ph.D.</u>

Dr. Chaytor examined Plaintiff in 2006 and 2007, while Plaintiff was still working at SGA levels. (AR 18, 766-75.) The ALJ did not discuss Dr. Chaytor's opinions, and the Commissioner argues that the opinions do not constitute significant, probative evidence because they date to a

---

[2] Although Plaintiff requests that this matter be remanded for a finding of disability, the Court finds that the appropriate remedy is a remand for further proceedings. It may be true that the ALJ will not 1consider any additional evidence on remand, in light of the remote DLI (Dkt. 18 at 10), but this fact does not prove that Plaintiff is entitled to benefits, which is the only grounds upon which an award would be warranted. *See Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."). The conflicts in the record indicate that additional proceedings would not be useless, and that the "extreme remedy" of awarding benefits is inappropriate. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099, 1105 (9th Cir. 2014); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

time period while Plaintiff was still working. Dkt. 17 at 10-11. Therefore, according to the Commissioner, the ALJ did not need to address the opinions. *Id.*

Plaintiff responds on reply that she alleged disability beginning April 2006, and thus Dr. Chaytor's opinions were rendered during the relevant time period. Dkt. 18 at 7. But the ALJ found Plaintiff not disabled at step one for the period between April 4, 2006, and November 15, 2007, based on her SGA during that time period. (AR 18.) Thus, the relevant period adjudicated by the ALJ began on November 16, 2007 (AR 18), and Dr. Chaytor's opinions were not rendered during that time period.

Although Plaintiff posits that the Commissioner's argument regarding the adjudicated period is a post-hoc rationalization (Dkt. 18 at 7), Plaintiff is mistaken. The Commissioner has persuasively shown that Dr. Chaytor's opinions fell outside the adjudicated period and therefore lacked probative value, and therefore need not have been discussed by the ALJ. The Commissioner did not offer a post-hoc reason to *discount* Dr. Chaytor's opinions, but instead showed why they need not have been discussed at all.

4.  Hearing testimony of Steven Goldstein, M.D.

Dr. Goldstein testified as a medical expert at the 2015 hearing. (AR 129-42.) He testified that Plaintiff's seizure disorder met a listing by January 2014 at the latest, and also offered an opinion about Plaintiff's other restrictions prior to that time. (*Id.*) The testimony regarding Plaintiff's pre-January 2014 restrictions was equivocal, however:

> . . . I would say that [Plaintiff] probably ought not to lift anything too heavy because if she dropped it, she might hurt herself. So it might be a light lifting restriction at least while standing so that – but pushing and pulling, she could probably do at a medium level as long as it wouldn't be something that she could drop on herself or something like that.

(AR 133.) Plaintiff argues that the ALJ erred in failing to account for this limitation, but the ALJ

need not account for Dr. Goldstein's equivocal opinion because an RFC assessment measures the most a claimant can do, rather than the least. *See Khal v. Colvin*, 2015 WL 5092588, at *7 (D. Or. Aug. 27, 2015) ("An ALJ is not required to incorporate limitations phrased equivocally into the RFC." (citing *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009))). Plaintiff has not established error with respect to Dr. Goldstein's testimony.

5. <u>State agency psychological consultant opinion</u>

Alex Fisher, Ph.D., served as the State agency psychological consultant in Plaintiff's case, and opined that she required limited public contact. AR 858. The ALJ rejected that limitation in particular in light of Plaintiff's ability to maintain friendships, go outside alone, and attend appointments. (AR 24-25.) Plaintiff argues that these activities do not bear on whether she can interact with the public. Dkt. 11 at 13-14. Although Plaintiff's ability to maintain friendships may not bear on her ability to interact with the public, going out alone and attending appointments both require some degree of interaction with unfamiliar people. The ALJ's assessment is not unreasonable and shall not be disturbed.

<u>Plaintiff's subjective statements</u>

The ALJ discounted Plaintiff's subjective testimony for a number of reasons, including (1) inconsistencies between the medical evidence and her testimony, specifically with regard to intact neurological findings, improvement with medication, and a failure to report medication side effects; (2) inconsistencies between Plaintiff's reported limitations and her activities; (3) she retained the ability to travel to Hawaii; and (4) inconsistencies documented in the Cooperative Disability Investigation Unit report. (AR 21-24.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

With regard to the medical evidence, Plaintiff argues that the ALJ erred in summarizing the medical findings rather than providing reasons to discount her testimony. Dkt. 11 at 15-16 (citing *Brown-Hunter*, 806 F.3d at 494). But the ALJ did not merely summarize the medical evidence; the ALJ pointed to intact neurological findings and evidence of improvement with medication to explain why he found Plaintiff's testimony less reliable. (AR 21-23.)

The ALJ's findings are therefore distinguishable from those addressed in *Brown-Hunter*, but are nonetheless erroneous because they fail to accurately reflect the entire medical record. The ALJ's discussion of the medical evidence demonstrated an erroneous focus on whether Plaintiff's limitations were at listing-level severity (AR 23), but step three is not the only juncture at which a person can be found disabled. The ALJ also noted Plaintiff's lack of witnessed seizures at various points in time (AR 22), but it is unclear why only witnessed seizures would be considered. Some of the treatment notes cited by the ALJ reference memory deficits and fatigue caused by Plaintiff's seizure activity[3], which is merely one example indicating that the ALJ's focus on intact neurological findings does not account for all of the limitations caused by Plaintiff's seizures. (*See, e.g.*, AR 926, 927, 930.)

The ALJ also overlooked other evidence contrary to his conclusion. For example, Plaintiff cited evidence contradicting the ALJ's finding that Plaintiff did not experience medication side effects. *See* Dkt. 11 at 16-17 (citing AR 924, 1065, 1079). The ALJ also noted that Plaintiff was treated for depression from mid-2012 through September 2014, but did not indicate the import of this fact. (AR 23.) Plaintiff's therapy notes document multiple limitations caused by her

---

[3] Two treatment notes (AR 928, 930) also mention that Plaintiff's seizures were causing problems in her ability to perform her job in mid-2011, but Plaintiff testified that she had not worked since 2007. (*See* AR 76.) She described a website/business she attempted to start in 2009, but the evidence shows that this venture ended a few months later. (AR 45-48, 568.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

depression, including memory problems, fatigue, irritability, poor impulse control, which are consistent with her allegations. (*See*, *e.g.*, AR 1012-17, 1067-76.)

Because the ALJ failed to address the full spectrum of medical evidence when evaluating Plaintiff's subjective testimony, the ALJ's reasoning is erroneous. The ALJ's errors with respect to Plaintiff's testimony also undermine his finding that the lay statements should be discounted for the same reasons. (AR 26.) On remand, the ALJ shall reconsider both Plaintiff's testimony as well as the lay evidence.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for additional administrative proceedings.

DATED this <u>1st</u> day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge